# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky
Louisville Division

| | |
|---|---|
| Patty A. Canter )<br>*formerly known as* Patty A. Haines )<br>   *Plaintiff* )<br> )<br>v. )<br> )<br>Capital One, N.A. )<br>   *Defendant* )<br>Serve: )<br>   Any Officer )<br>   1680 Capital One Drive )<br>   McLean, VA 22102 )<br> )<br>Citibank, N.A. )<br>   *Defendant* )<br>Serve: )<br>   Any Officer )<br>   5800 S. Corporate Place )<br>   Sioux Falls, SD 57108 )<br> ) | Case No. |

## FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

### INTRODUCTION

1.  This is a complaint by Plaintiff Patty A. Canter, *formerly known as* Patty A. Haines against Defendants for her damages resulting from Defendants' negligence, statutory violations, and common-law violations in connection with their failure to properly transfer the cash advance funds she requested and directed from her Citibank, N.A. credit card account to Plaintiff's husband's Park Community Visa credit card account, resulting in the funds being transferred to a third-party non-defendant financial institution.

### JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 28 U.S.C. §1331, 28 U.S.C. §2201, 15 U.S.C. §1640, and 15 U.S.C. §1693m. Plaintiff asks the Court to take supplemental jurisdiction over her interrelated state-law claims under 28 U.S.C. §1367. Venue is proper because Plaintiff lives in Jefferson County, Kentucky, and because all or most of the relevant events as alleged below

occurred in Jefferson County, Kentucky, which is located within this District.

## PARTIES

3. Plaintiff Patty A. Canter, *formerly known as* Patty A. Haines ("Canter"), is a natural person who is currently residing in Jefferson County, Kentucky and a "person" within the meaning of the Kentucky Consumer Protection Act ("KCPA") as defined at KRS 367.110(1); a person within the meaning of the Truth in Lending Act ("TILA") as defined at 15 U.S.C. §1602(e); and a "consumer" within the meaning of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693a(6), and TILA, 15 U.S.C. §1602(i).

4. Defendant Capital One, N.A. ("Capital One") is a national bank that is regulated by the Office of the Comptroller of the Currency. Capital One's main branch is located at 1680 Capital One Drive, Mclean, VA 22102.

5. Capital One is a "person" within the meaning of the KCPA as defined at KRS 367.110(1); a "financial institution" within the meaning of the EFTA as defined at 15 U.S.C. §1693a(9); and a "creditor" within the meaning of TILA, as defined at 15 U.S.C. §1602(g).

6. Citibank, N.A. is a national bank that is regulated by the Office of the Comptroller of the Currency. Citibank's main branch is located at 5800 S Corporate Place, Sioux Falls, SD 57108.

7. Citibank is a "person" within the meaning of the KCPA as defined at KRS 367.110(1); a "financial institution" within the meaning of the EFTA as defined at 15 U.S.C. §1693a(9); and a "creditor" within the meaning of TILA, as defined at 15 U.S.C. §1602(g).

## STATEMENT OF FACTS

8. Plaintiff Patty A. Canter, *formerly known as* Patty A. Haines ("Canter"), at all relevant times to this action held a credit card account with Defendant Citibank, N.A. ("Citibank") which is at present in her maiden name, Patty A. Haines.

9. The opening, servicing, and use of Ms. Canter's Citibank credit card account constitutes "trade" or "commerce" within the meaning of the KCPA.

10. Ms. Canter used her Citibank credit card account solely for personal, family, and/or household purposes.

11. In late December 2022, Ms. Canter directed Citibank to advance and transfer money in the amount of $7,700.00 from her Citibank credit card account to her husband's Park

Community Credit Union ("Park Community") Visa credit card account.

12. Ms. Canter's request to Citibank to advance and transfer the money to her husband's Park Community Visa card account constituted a "payment order" as defined at KRS 355.4A-103(1)(a).

13. Citibank created a physical check for $7,700.00 made payable to Park Community in response to Ms. Canter's request for the funds transfer and the memo line included Mr. Canter's Park Community credit card account number. A true and accurate redacted copy of the Citibank check is filed as Exhibit "A."

14. To date, credit for the funds has not posted to Plaintiff's husband's Park Community credit card account.

15. Citibank, however, has added the $7,700 cash advance to Plaintiff's Citibank credit card account and a $385.00 transfer charge to the balance due on Ms. Canter's Citibank credit card.

16. As evidenced by the Citibank check and despite expressly being made payable to "Park Community," the $7,700 check funds were incorrectly deposited in a bank account maintained by Defendant Capital One, N.A. ("Capital One").

17. According to her Citibank online account, the transfer showed pending on January 4, 2023 and completed five days later on January 9, 2023.

18. On January 14, 2023, Plaintiff's husband, Mr. Canter, reviewed his Park Community credit card account and discovered the funds had not been credited to his Park Community credit card account.

19. Mr. Canter contacted Park Community and was advised that Park Community had no record of the Citibank transfer and demanded a copy of the cleared Citibank transfer check to investigate and track down the payment.

20. The problems with the transfer caused Ms. Canter great stress and worry. Consequently, she asked her husband to help her with solving the failed funds transfer from Citibank to Park Community.

21. Thereafter, Mr. Canter filed a dispute with Citibank under Complaint ID 816-081-7623-53 and requested Citibank stop the balance transfer whereupon Citibank told Mr. Canter that it had already transmitted a paper check to Park Community and the check had already been paid.

Consequently, Citibank said that it could not stop the transfer.

22. Mr. Canter on Ms. Canter's behalf requested that Citibank send him an electronic copy of the cashed check so that he could provide the evidence to Park Community as soon as possible. Citibank initially refused, but on February 5, 2023, Ms. Canter received a copy of the cashed balance transfer check.

23. The Citibank transfer check was endorsed by Capital One for deposit on January 5, 2023.

24. Ms. Canter does not maintain any accounts with Capital One to which the funds from the Citibank transfer check might have been applied.

25. The Canters repeatedly contacted Citibank to confirm the details of the balance transfer including account numbers and the mailing address for the balance transfer check.

26. The Canters also contacted Capital One to try sort out what happened to the transferred funds. The Canters demanded that Capital One return the funds, which Capital One refused to do or to offer them any help in resolving the issue.

27. On February 7, 2023, Mr. Canter filed a dispute with the Consumer Financial Protection Bureau which dispute to date remain on going with neither Citibank nor Capital One accepting responsibility or offering a resolution to the return of Plaintiff's missing $7,700.

## CLAIMS FOR RELIEF

I. **Claims against Citibank, N.A.**

   A. **Violations of the KCPA**

28. The foregoing acts and omissions of Defendant Citibank, N.A. ("Citibank") violate the KCPA, KRS 367.110 *et seq*.

29. The issuance and use of the Citibank credit card account at issue constitutes "trade" or "commerce" within the meaning of the KCPA.

30. Ms. Canter used her Citibank credit card account exclusively for personal, family, and/or household purposes.

31. Charging Ms. Canter for the $7,700 funds improperly transferred, including a balance transfer fee, which resulted from the negligence or recklessness of Citibank in its

erroneous transfer of the $7,700 funds by check to the Capital One who negligently or recklessly cashed the $7,700 transfer check and then refused to return the funds is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

32. Ms. Canter is a natural person within the meaning of the KCPA.

33. Ms. Canter suffered real and ascertainable losses from Citibank's violations of the KCPA.

34. Ms. Canter has a claim against Citibank under KRS 367.220, which gives her the right to recover her ascertainable damages, plus her costs, her reasonable attorney's and punitive damages.

**B.    Violations of TILA**

35. The foregoing acts and omissions of Defendant Citibank, N.A. ("Citibank") constitute violations of TILA, 15 U.S.C. §1601 *et seq.* by offering to Plaintiff a cash advance transfer from her Citibank credit card account to her from her husband's Park Community credit card account which constitutes a use of her Citibank credit account.

36. Citibank negligently and erroneously sent Ms. Canter's cash advance transfer check to Capital One, which cashed and converted the balance transfer funds to its own enjoyment and use.

37. Capital One's acceptance and deposit of the cash transfer check constitutes an unauthorized use of Ms. Canter's Citibank credit card account within the meaning of TILA's accompanying Regulation Z, 12 C.F.R. §1026.12(b).

38. Under the terms of her credit card agreement with Citibank, Plaintiff Canter could be liable for no more than $50.00 for Capital One's unauthorized use of her Citibank credit card.

39. Citibank violated TILA and Regulation Z by making Ms. Canter liable for the full amount of the $7,700 funds transfer plus the transfer fee.

40. By reason of the aforesaid violations of the Act and Regulation Z, Citibank is liable to Ms. Canter in the amount of twice the finance charge or $2000, whichever is less, actual damages to be established at trial, and attorney fees and costs in accordance with 15 U.S.C. §1640.

**C.     Violation of the EFTA**

41.     The foregoing acts and omissions by Citibank, N.A. constitute violations of the EFTA, 15 U.S.C. §1693 *et seq.*

42.     Ms. Canter instituted an electronic funds transfer from Citibank to Park Community.

43.     Citibank failed to make the electronic funds transfer according to Ms. Canter's instructions.

44.     As a result of Citibank's failure to make the electronic funds transfer according to Ms. Canter's instructions, Ms. Canter has suffered substantial actual damages.

45.     Under 14 U.S.C. §1693m, Ms. Canter is entitled to recover her actual damages, statutory damages, and her reasonable attorney's fees and costs.

**D.     Negligence or Recklessness**

46.     The foregoing acts and omissions of Defendant Citibank, N.A. ("Citibank") constitute negligence or recklessness under Kentucky law.

47.     Citibank had a duty to transfer funds from her Citibank credit card account to Park Community according to her instructions.

48.     Citibank breached its duty to Ms. Canter by sending the $7,700 funds transfer check to Capital One instead of Park Community.

49.     Citibank's negligence has damaged Ms. Canter by causing erroneous charges on her Citibank credit card account, charges that were made with no corresponding value to Ms. Canter.

50.     Citibank's negligence is gross or reckless, giving Ms. Canter a claim for punitive damages against Citibank.

**E.     Violation of Article 4A of Kentucky's UCC Laws**

51.     The foregoing acts and omissions of Defendant Citibank, N.A. ("Citibank") constitute violations of Article 4A of Kentucky's UCC laws, KRS 355.4A-101 *et seq.*

52.     Ms. Canter directed Citibank to issue a payment of $7,700.00 to Park Community

in order to effectuate a balance transfer from her husband's Park Community credit card account to her Citibank credit card account.

53. Citibank did not issue payment in accordance with Ms. Canter's order, instead issuing payment to Capital One.

54. Capital One negotiated the instrument containing the erroneously directed payment, and Citibank added the balance of the issued payment, plus a $385.00 fee, to her credit card account.

55. Ms. Canter's payment order was not completed according to her instructions and did not comply with her instructions.

56. Ms. Canter is entitled to recover from Citibank her expenses for the erroneously executed payment order, including the $385.00 transfer fee and any interest incurred on the fee, pursuant to KRS 355.4A-305(2)(c); other actual damages pursuant to KRS 355.4A-305(3); and reasonable attorney's fees pursuant to KRS 355.4A-305(5).

**II.    Claims against Capital One, N.A.**

**A.    Conversion**

57. The foregoing acts and omissions of Defendant Capital One, N.A. ("Capital One") constitute conversion.

58. Citibank erroneously sent Ms. Canter's $7,700 funds transfer check to Capital One instead of sending it to Park Community.

59. Instead of returning the erroneous check, Capital One deposited the check.

60. The funds transferred legally belong to Plaintiff Canter.

61. Capital One intentionally and deliberately deposited the check and exercised dominion and control over the balance transfer funds.

62. Ms. Canter either directly or through her husband or both, made repeated demands for return of the balance transfer funds.

63. Capital One's deposit of the $7,700 funds transfer check is the cause and reason why Ms. Canter was deprived of the enjoyment and use of the balance transfer funds.

64. Capital One's conversion of the funds transferred has damaged Plaintiff Canter by depriving her of the use of the funds and causing Citibank to add the same amount due plus the balance transfer fee to Plaintiff Canter's Citibank credit card account.

## II. Unjust Enrichment

65. The foregoing acts and omissions of Defendant Capital One, N.A. ("Capital One") constitute unjust enrichment.

66. Citibank erroneously sent Ms. Canter's $7,700 funds transfer check to Capital One instead of sending it to Park Community.

67. Instead of returning the erroneous check, Capital One deposited the check on or about January 5, 2023.

68. Ms. Canter has no accounts with Capital One to which Capital One could apply the funds received from Ms. Canter's Citibank account.

69. Capital One did not return the funds to Ms. Canter or to Citibank.

70. Ms. Canter is now obligated to repay the $7,700 to Citibank per the terms of her credit card agreement with Citibank without receiving any corresponding benefit from the use of the funds.

71. Capital One benefited from the misdirected funds transfer check at Ms. Canter's expense.

72. Capital One has appreciated a benefit from the receipt and continuing use of the funds it received from Ms. Canter's Citibank account.

73. Capital One's continued retention of the benefit has been grossly inequitable, as Capital One has not repaid the misdirected funds to Ms. Canter or otherwise conferred any benefit whatsoever upon Ms. Canter.

74. Capital One was unjustly enriched by its receipt of $7,700 in funds from Ms. Canter's Citibank account, and Ms. Canter requests judgment against Capital One in the principal sum of $7,700.00, plus prejudgment interest at the statutory rate of 8% from January 5, 2023 to date of judgment, plus post-judgment interest at the statutory rate of 6% from the date of judgment until paid, plus costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Patty A. Canter, *formerly known as* Patty A. Haines, requests that the Court grant her the following relief:

1. Award Plaintiff the maximum amount of statutory damages against Citibank pursuant to 15 U.S.C. §1693m for Citibank's violations of the EFTA;

2. Award Plaintiff her actual damages and consequential damages as compensatory damages against each Defendant;

3. Award Plaintiff judgment against Capital One for her claims of unjust enrichment in the principal sum of $7,700.00, plus prejudgment interest at the statutory rate of 8% from January 9, 2023 to date of judgment, plus post-judgment interest at the statutory rate of 6% from the date of judgment until paid;

4. Award Plaintiff punitive damages against Citibank;

5. Award Plaintiff her attorney's fees, litigation expenses and costs;

6. A trial by jury; and

7. And all other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James H. Lawson
James H. Lawson, KBA 86930
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@lawsonatlaw.com